**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOSE ARAMIS BRITO,<br><br>        Petitioner,<br><br>        v.<br><br>WARDEN KNIGHT,<br><br>        Respondent. | Civil Action No. 22-7007 (KMW)<br><br>**MEMORANDUM ORDER** |

      This matter comes before the Court on Petitioner Jose Aramis Brito's petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. (ECF No. 1.) Following an order to answer, the Government filed a response to the petition (ECF No. 4). By way of background, at the time he filed his petition, Petitioner was a federal prisoner confined at FCI Fort Dix. (*See* ECF No. 1.) Through his petition, Petitioner sought to be declared eligible to accrue good time credits pursuant to the First Step Act and to ultimately receive those credits and be released as a result. (*Id.*)

      In its response to Petitioner's habeas petition, the Government informs the Court that Petitioner did receive a number of FSA credits and was released from Bureau of Prison custody on February 13, 2023. (ECF No. 4 at 1-2.) According to BOP documents provided by the Government, Petitioner received at least 234 days of First Step Act credits, and was released pursuant to the First Step Act on February 13, 2023. (ECF No. 4-1 at 3.) Given Petitioner's release, the Government contends that this matter should be dismissed as moot. (ECF No. 4 at 2.)

      Under Article III of the Constitution, federal courts will only have jurisdiction over a matter where there is a live case or controversy to be resolved. *See, e.g., Spencer v. Kemna*, 523 U.S. 1,

7 (1998). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings [and for jurisdiction to exist the] parties must continue to have a 'personal stake in the outcome of the lawsuit.'" *Id.* (quoting *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78 (1990)). Thus, once a prisoner is released from custody, a habeas challenge to some aspect of his confinement will become moot absent a redressable, continuing, and concrete injury which persists after his release. *Id.*; *see also Burkey v. Marberry*, 556 F.3d 142, 146-50 (3d Cir. 2009). Because Petitioner has been released from BOP custody and may no longer receive or accrue the First Step Act credits he sought in this matter, and as Petitioner has thus received the ultimate relief he sought in this matter in the form of his release, this Court no longer has a meaningful opportunity to provide Petitioner with relief as Petitioner no longer has a continuing concrete injury. Therefore, this matter must be dismissed as moot. *Spencer*, 523 U.S. at 7; *Burkey*, 556 F.3d at 146-50.

**IT IS THEREFORE** on this 3rd day of March, 2023,

**ORDERED** that Petitioner's habeas petition (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE** as moot; and it is finally

**ORDERED** that the Clerk of the Court shall serve a copy of this Order upon the Government electronically and upon Petitioner by regular mail at his last known address, and shall **CLOSE** the file.

Hon. Karen M. Williams,
United States District Judge